# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL DUANE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:18CV57 |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Michael Duane Smith, brought this action pro se pursuant to the Social Security Act (the "Act") to obtain judicial review of the denial of his claims for Disability Insurance Benefits ("DIB") and Child Disability Insurance Benefits ("CIB") under Title II of the Act. (Docket Entry 1.) Defendant has filed a Motion to Dismiss Plaintiff's Complaint and a Brief in support (Docket Entries 11, 12) on the grounds that Plaintiff "has not exhausted his administrative remedies and, therefore, this Court lacks jurisdiction of Plaintiff's claims" (Docket Entry 12 at 1). Plaintiff filed a Response to Defense Motion to Dismiss (Docket Entry 14), and Defendant submitted a Reply (Docket Entry 16). For the reasons that follow, the Court should grant Defendant's Motion to Dismiss Plaintiff's Complaint.

## I.  PROCEDURAL HISTORY

Plaintiff applied for DIB, CIB, and Supplemental Security Income ("SSI") under Title XVI of the Act on November 29, 2005, alleging disability since December 1, 1974. (See Docket Entry 12-1 (Decl. of Nancy Chung) at 10.)  The Social Security Administration ("SSA"), through its state agency, denied those applications at the initial level of review on April 14, 2006, and Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ") on May 31, 2006.  (See id.)[1]  The ALJ held a hearing on September 4, 2008, which Plaintiff, his attorney, and a vocational expert attended. (See id.)  During the hearing, Plaintiff's attorney stipulated to the dismissal of Plaintiff's DIB claim and requested to withdraw the request for hearing on Plaintiff's CIB claim "predicated on a fully favorable decision on [Plaintiff's] Title XVI application for [SSI]."  (Id. at 10, 23.)  On October 29, 2008, the ALJ issued a decision 1) granting Plaintiff's SSI application; 2) finding Plaintiff disabled from November 29, 2005, the date of his SSI application, through the date of the ALJ's decision; and 3) dismissing Plaintiff's DIB claim.  (Id. at 5-17.)  In a separate order dated the same day, the ALJ dismissed Plaintiff's CIB claim. (Id. at 21-24).  Both the ALJ's decision and dismissal order

---

[1] Plaintiff filed his claims in Michigan (see Docket Entry 12-1 at 5-24), one of 10 states participating in the SSA's Disability Redesign Prototype model, an element of which involves elimination of the reconsideration step in the administrative review process.  See Program Operations Manual System ("POMS") § DI 12015.100.

advised Plaintiff that he had 60 days from the date he received the documents to file a request for review with the Appeals Council, and that the Appeals Council would assume Plaintiff received the documents five days after the date of the documents "unless [Plaintiff] show[ed] [he] did not get [the documents] within the [five]-day period." (Id. at 6, 21.)  No dispute exists between the parties as to the failure of Plaintiff to file a request for review of the ALJ's decision and/or dismissal order at any time. (See Docket Entries, 1, 12, 14, 16.)

On March 1, 2017, Plaintiff filed two new claims for CIB, one based on his father's earnings record, and the other based on his mother's earnings record (see Docket Entry 16-2 (Decl. of Janay Podraza) at 3), which the SSA denied on May 12, 2017, and July 10, 2017 (see id. at 22, 24).  Each denial notice advised Plaintiff that he had the right to appeal within 60 days of the date he received the notice.  (Id. at 23, 24.)  Defendant maintains that Plaintiff did not appeal the denial of his 2017 CIB claims. (See Docket Entry 12 at 3; Docket Entry 16 at 3.)

Plaintiff filed the instant civil action seeking judicial review of the denial of his DIB and CIB claims on January 25, 2018. (Docket Entry 1 at 1.)[2]

---

[2] Plaintiff's Complaint and Response to Defense Motion to Dismiss do not clarify whether he seeks judicial review of the denial of only his 2005 DIB and CIB claims, or of both his 2005 DIB and CIB claims and his 2017 CIB claims.  (See Docket Entries 1, 14.)  This Recommendation will assume the latter, and address whether the Court possesses subject matter jurisdiction over Plaintiff's 2005 and
(continued...)

## II.  STANDARD OF REVIEW

Although Defendant does not cite to an applicable Federal Rule of Civil Procedure under which she pursues dismissal (see Docket Entries 11, 12), a motion to dismiss a complaint for lack of subject matter jurisdiction premised upon a failure to exhaust administrative remedies typically falls under Federal Rule of Civil Procedure 12(b)(1), see 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350 (3d ed. 2016) ("Rule 12(b)(1) motion to dismiss for a lack of subject matter jurisdiction . . . may be appropriate when the plaintiff has failed to exhaust administrative procedures that have been established, typically by statute, as a prerequisite to his bringing suit."). When a defendant moves to dismiss a complaint under Rule 12(b)(1) on grounds of lack of subject matter jurisdiction, the burden of proving subject matter jurisdiction ultimately rests with the plaintiff.  See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  However, a district court should grant a Rule 12(b)(1) motion to dismiss only where no dispute exists regarding the material jurisdictional facts, and the moving party demonstrates entitlement to prevail as a matter of law.  See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  "In determining whether jurisdiction exists, the district

---

[2] (...continued)
2017 claims.

court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768 (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### III. DISCUSSION

Defendant contends that the Court lacks subject matter jurisdiction over Plaintiff's claims, "[b]ecause Plaintiff did not file a request for review of the ALJ's 2005 (favorable) decision or dismissal with the Appeals Council and . . . did not file an appeal of his initial denials dated May 12, 2017 and July 10, 2017." (Docket Entry 12 at 5.) Thus, Defendant argues, Plaintiff has not "obtained a judicially reviewable 'final decision after a hearing,'" and has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 405(g) (id. (quoting 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5))).

Plaintiff's Complaint admits that the ALJ granted Plaintiff's SSI claim and dismissed his CIB claim at the hearing on September 4, 2008 (see Docket Entry 1 at 6), but appears to contend that the ALJ's dismissal lacked legitimacy because, "at that time[,] Plaintiff was mentally incompetent" (id.) and "was a person activ[e]ly being treated for an emotional mood disorder" and "on several types of medications" (id. at 8). In response to the Commissioner's argument that Plaintiff failed to exhaust

5

administrative remedies, Plaintiff maintained that he could not have exhausted his administrative remedies for two reasons. First, he argues that each of his claims for SSI, DIB, and CIB "were separate and individual," and that the SSA neither granted him a hearing nor issued a "written decision of the finding of facts [and] reason for dismissal" regarding his DIB and CIB claims. (Docket Entry 14 at 2; see also id. (Aff. of Pl.) at 7 ("On Oct[ober] 29, 2008 [sic], a hearing was held only on one claim SSI resulting in a fully favorable decision. NO hearing was held on any other claim.").) Second, Plaintiff alleges that the SSA "never mailed" the ALJ's decision to Plaintiff, and "Plaintiff never received his written [d]ecision" until he refiled his CIB claim in 2017 (id. at 8) and, thus, that he "was not provided the appeal information [or] written finding[s] of fact, in which to appeal within 60 days as required by law" (id. at 2 (internal quotation marks omitted)).

Section 405(g) states, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by civil action commenced . . . in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g) (emphasis added); see also Matthews v. Eldridge, 424 U.S. 319, 327 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which

requires exhaustion of the administrative remedies provided under the [] Act as a jurisdictional prerequisite." (emphasis added)). The Act does not define "final decision" and, thus, "its meaning is left to the [Commissioner] to flesh out by regulation," Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

In turn, the regulations provide that, in order to obtain a judicially reviewable "final decision," a claimant must generally complete a four-step administrative review process within a specified time: 1) initial determination; 2) reconsideration; (3) hearing before an ALJ; and 4) Appeals Council review. See 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). "If [a claimant is] dissatisfied with [the SSA's] decision in the review process, but do[es] not take the next step within the stated time period, [he or she] will lose [his or her] right to further administrative review and [his or her] right to judicial review, unless [he or she] can show [the SSA] that there was good cause for [his or her] failure to make a timely request for review." 20 C.F.R. §§ 404.900(b), 416.1400(b). Regarding the final step in the administrative review process, the Appeals Council can grant a claimant's request for review and issue its own final decision, or deny the request for review, allowing the ALJ's decision to stand as the Commissioner's final decision. See 20 C.F.R. §§ 404.981, 416.1481. In either case, the claimant can then seek judicial review of the Commissioner's final decision by filing an action in

the appropriate federal district court within sixty days after receiving notice of the Appeals Council's decision. See id.

## A. **Mental Incompetence**

Plaintiff contends that the ALJ's dismissal of his DIB and CIB claims lacked legitimacy because, "at that time[,] Plaintiff was mentally incompetent" (Docket Entry 1 at 6), and "was a person activ[e]ly being treated for an emotional mood disorder" and "on several types of medications" (id. at 8). This argument fails, because Plaintiff has presented no evidence, beyond his own unsupported allegation, that he suffered from mental incompetency at the time of the ALJ's hearing or that his mental health issues resulted in any prejudice. Although the ALJ's decision reflects that Plaintiff suffered from "a major depressive disorder with psychotic features [and] a borderline personality" (Docket Entry 12-1 at 13), that decision also demonstrates that Plaintiff remained represented by counsel during the hearing before the ALJ (id. at 10, 23), and that Plaintiff's counsel raised no objection to disposition of Plaintiff's claims on the grounds of Plaintiff's mental incompetence (or even any type of impairment from medications) (id.). In addition, the record reflects that the ALJ expressly found that 1) Plaintiff "[wa]s fully advised of the effects of [the ALJ's dismissal of Plaintiff's CIB claim], . . . with the result that the initial determination would remain in effect" (id. at 23); and 2) Plaintiff "underst[ood] the effects of

his withdrawal of the request for hearing" (id.). Under such circumstances, Plaintiff's request that the Court vacate the ALJ's dismissal of Plaintiff's DIB and CIB claims on grounds of mental incompetence falls far short. See Shrader v. Harris, 631 F.2d 297, 302 (4th Cir. 1980) (concluding that federal district court possessed subject matter jurisdiction over claimant's case notwithstanding lack of final decision under Section 405(g), <u>where claimant presented his disability claims pro se and supplied "prima facie proof" of mental incompetency as of the filing of his initial claim for benefits</u>).

**B. <u>Failure to Provide Hearing and/or Decision on CIB and DIB Claims</u>**

Next, Plaintiff argues that each of his claims for SSI, DIB, and CIB "were separate and individual," and that he could not have exhausted his administrative remedies, because the SSA neither granted him a hearing nor issued a "written decision of the finding of facts [and] reason for dismissal" regarding his DIB and CIB claims. (Docket Entry 14 at 2; see also id. (Aff. of Pl.) at 7 ("On Oct[ober] 29, 2008 [sic], a hearing was held only on one claim SSI resulting in a fully favorable decision. <u>NO</u> hearing was held on any other claim.").) However, the ALJ's decision and dismissal order belie Plaintiff's argument. Those documents reflect that the ALJ expressly acknowledged that Plaintiff filed a request for hearing on his SSI, DIB, and CIB claims, but that Plaintiff's counsel stipulated to the dismissal of Plaintiff's DIB and CIB

9

claims "predicated on a fully favorable decision on [Plaintiff's] Title XVI application for [SSI]." (Docket Entry 12-1 at 10, 23.) Thus, contrary to Plaintiff's argument (see Docket Entry 14 at 2; see also id. at 7), the ALJ provided both a hearing and a written decision stating the reason for dismissal of Plaintiff's DIB and CIB claims.

**C. Delayed Receipt of ALJ's Decision**

Lastly, Plaintiff alleges that exhaustion of administrative remedies for his DIB and CIB claims remained impossible, because the SSA "never mailed" the ALJ's decision to Plaintiff, and "Plaintiff never received his written [d]ecision" until he refiled his CIB claim in 2017 (Docket Entry 14 at 8) and, thus, that he "was not provided the appeal information [or] written finding[s] of fact, in which to appeal within 60 days as required by law" (id. at 2 (internal quotation marks omitted)). That contention fails.

Both the ALJ's decision and dismissal order reflect that the ALJ mailed copies of those documents to the addresses of record for Plaintiff and Plaintiff's attorney. (See Docket Entry 1 at 9, 13; Docket Entry 16-2 at 17, 18.) As discussed above, those documents advised that Plaintiff had 60 days from the date he received the documents to file a request for review with the Appeals Council, and that <u>the Appeals Council would assume Plaintiff received the documents five days after the date of the documents "unless [Plaintiff] show[ed] [he] did not get [the documents] within the</u>

10

[five]-day period" (Docket Entry 12-1 at 6, 21). See 20 C.F.R. §§ 404.968, 416.1468 (permitting claimants to file a request for review of an ALJ's decision with the Appeal Council "[w]ithin 60 days after the date you receive notice of the hearing decision or dismissal"); 20 C.F.R. §§ 404.901, 416.1401 (defining "[d]ate you receive notice" as "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period").

Here, Plaintiff has not presented any evidence that the addresses to which the ALJ mailed those documents did not constitute the correct addresses for either Plaintiff or his attorney. (See Docket Entries 1, 14.) Nor has the SSA indicated that the United States Postal Service returned the documents as undeliverable. (See Docket Entries 16-1, 16-2.) Additionally, Plaintiff attended the ALJ's hearing with his counsel (see Docket Entry 12-1 at 10) and thus certainly possessed awareness at that time that the ALJ would dismiss his DIB and CIB claims. Even assuming, arguendo, that Plaintiff received neither his own copies of the ALJ's decision and dismissal order, nor copies from his attorney, Plaintiff has not indicated that he made any inquiries of his attorney or the SSA regarding the status of the ALJ's decision and has not explained why he failed to make any such efforts in the more than eight years that elapsed between the ALJ's decision on October 29, 2008, and March 1, 2017, when Plaintiff filed his new

11

claims for CIB and allegedly first learned of the ALJ's dismissal of his 2005 claims for DIB and CIB.

Under such circumstances, Plaintiff has neither overcome the regulatory presumption that he received the ALJ's decision and dismissal order five days after the date of the documents, nor provided the Court with any other reason to excuse his failure to exhaust administrative remedies. See Matlock v. Bowen, No. C-85-6072-MHP, 1988 WL 252440, at *4 (N.D. Cal. Dec. 19, 1988) (unpublished) ("The claimant stated in his declaration that he did not receive notice of the ALJ's decision of August 10, 1983 finding him not disabled until August 9, 1984, because he was incarcerated. Thus, he contends that he received no notice of his administrative appeal rights until almost a year after the ALJ's decision was issued. The record shows, however, that the claimant's attorney was mailed a notice of the ALJ's decision and was notified of his client's right to ask the Appeals Council for review within 60 days. There is no evidence that [the claimant's] attorney did not receive the notice or was incapable of representing his client for purposes of an appeal. Even assuming arguendo that [the claimant] was incarcerated for the entire period and did not receive the notice mailed to his residence, the court finds that the notice sent to the claimant's attorney satisfied due process requirements."); see also Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) (explaining, in analogous context, that the

plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption that the notice was received five days after it was sent"); Woods v. Colvin, No. 1:15CV763, 2016 WL 1328951, at *3 (M.D.N.C. Apr. 5, 2016) (unpublished) (observing, in analogous context, that "[c]ourts have routinely held that a claimant's affidavit asserting in conclusory fashion that she did not receive the Commissioner's notice within the five-day presumptive period, without more, does not [suffice]"), recommendation adopted, slip op. (M.D.N.C. Aug. 9, 2016) (Tilley, S.J.).

In sum, because Plaintiff did not file a request for review of the ALJ's decision and/or dismissal order with the Appeals Council, he failed to obtain a "final decision" of the Commissioner under Section 405(g), and the Court lacks subject matter jurisdiction over his 2005 DIB and CIB claims. See Lee v. Commissioner, Soc. Sec. Admin., No. CV JKB-17-912, 2017 WL 2981853, at *2 (D. Md. July 13, 2017) (unpublished) ("[T]he law as determined by Congress and the Commissioner requires Appeals Council review before a 'final decision' can be obtained. Since [the claimant] sought no such review, he did not exhaust his administrative remedies and this [c]ourt lacks jurisdiction over his appeal."), recommendation adopted, slip op. (D. Md. Aug. 1, 2017).

To the extent Plaintiff seeks judicial review of the SSA's denial of his 2017 CIB claims, the Court should find that it also

13

lacks subject matter jurisdiction with respect to those claims. The SSA denied Plaintiff's 2017 CIB claims on May 12, 2017, and July 10, 2017 (see Docket Entry 16-2 at 22, 24), and each denial notice advised Plaintiff that he had the right to appeal within 60 days of the date he received the notice (id. at 23, 24). Defendant maintains that Plaintiff did not appeal the denial of his 2017 CIB claims. (See Docket Entry 12 at 3, Docket Entry 16 at 3.) Although Plaintiff attached a Request for Reconsideration form to his Complaint, which bears his signature, his Michigan address, and the date of May 22, 2017, the document contains no date stamp or other reliable indicia that the SSA actually received the document. (See Docket Entry 1 at 22.)[3] Moreover, such document could not serve to appeal Plaintiff's second CIB claim, as the SSA denied that claim on July 10, 2017 (see Docket Entry 16-2 at 22, 24).

As Plaintiff failed to appeal the denial of his 2017 CIB claims, he has not obtained a "final decision" of those claims under Section 405(g), and the Court lacks subject matter jurisdiction over those claims. See 20 C.F.R. §§ 404.900(b), 416.1400(b) ("If [a claimant is] dissatisfied with [the SSA's] decision in the review process, but do[es] not take the next step within the stated time period, [he or she] will lose [his or her]

---

[3] The handwritten entries of "6-22-17" in the box purportedly reflecting the date the SSA received Plaintiff's request for reconsideration appear in the same black ink and handwriting as the remainder of the form (see Docket Entry 1 at 22) and, thus, the Court should not find that sufficient evidence that the SSA actually received that document from Plaintiff.

14

right to further administrative review and [his or her] right to judicial review, unless [he or she] can show [the SSA] that there was good cause for [his or her] failure to make a timely request for review.").[4]

## IV. CONCLUSION

The Court lacks subject matter jurisdiction over Plaintiff's 2005 claims for DIB and CIB and his 2017 claims for CIB.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Docket Entry 11) be granted, and that this action be dismissed for lack of subject matter jurisdiction.

---

[4] Plaintiff has also filed a Motion for Court Permission to File Electronically, seeking permission from the Court to file his pleadings in this case electronically because he "is a pro se litigant whos[e] filing fees and other cost[s] were waived by this Court." (Docket Entry 10 at 1.) Under Local Rule 5.3(c)(2), a pro se litigant may seek the approval of the judge assigned to his or her case to register as a filing user of the Court's Case Management/Electronic Case Files ("CM/ECF") system. See LR5.3(c)(2). In order to receive a user name and password, a pro se litigant must either have already qualified as an electronic filer in another federal court or attend a CM/ECF training class offered at the Court. See CM/ECF User's Manual, Middle District of North Carolina, at 3; see also www.ncmd.uscourts.gov/cmecf-training (last visited Sept. 27, 2018) ("[C]ourt-approved pro se filers, who have not attended training in another federal district or bankruptcy court, are required to attend training before being issued a login ID and password."). In light of the undersigned's recommendation of dismissal of this action, the brief, 14-day period in which Plaintiff must file any objections to this Recommendation, see Fed. R. Civ. P. 72(b)(2) (providing that parties must file objections "[w]ithin 14 days after being served with a copy" of a magistrate judge's recommendation), and the requirement that Plaintiff attend a Court-led CM/ECF training class before he can file electronically, the undersigned will deny Plaintiff's Motion for Court Permission to File Electronically.

15

**IT IS ORDERED** that Plaintiff's Motion for Court Permission to File Electronically (Docket Entry 10) is DENIED.

                                    /s/ L. Patrick Auld
                                 **L. Patrick Auld**
                         **United States Magistrate Judge**

September 27, 2018